UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 19-606 JVS (KKx) | Date | June 10, 2019 |
| Title | Sarah Vieyara-Flores, et al. v. Sika Corp., et al. | | |

| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |
|---|---|
| Lisa Bredahl | Sharon Seffens |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Matt Crawford | Nima Darouian |

**Proceedings:** Defendant Sika Corporation's Motion to Dismiss Plaintiffs' First Amended Complaint [12]
Motion to Remand Case Back to State Court [13]

Cause is called for hearing and counsel make their appearances. Matter is argued. The Court orders that the tentative shall become the order of the Court and hereby orders as follows:

Plaintiff Sarah Vieyara-Flores ("Flores") filed a motion to remand this wage and hour putative class action to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). (Mot., Docket No. 13). Defendant Sika Corporation ("Sika") filed an opposition. (Opp'n, Docket No. 18). Flores replied. (Reply, Docket No. 15).

For the following reasons, the Court **grants** the motion to remand.

**I. BACKGROUND**

Flores was employed by Sika as a non-exempt, hourly warehouse worker from on or about January 16, 2018 through November 9, 2018. (FAC, Docket No. 10 ¶¶ 28–30). Sika engages in the ownership and operation of facilities that manufacture specialty chemical products and industrial materials for construction, transportation, marine, and automotive markets in the State of California. Id. ¶ 40.

On February 28, 2019, Flores filed this putative class action in San Bernardino Superior Court on behalf of all those who worked as non-exempt, hourly workers who

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  EDCV 19-606 JVS (KKx)                     Date  June 10, 2019

Title  Sarah Vieyara-Flores, et al. v. Sika Corp., et al.

were presently or formerly employed by Sika within the past four years of the filing of this Complaint. (Mot., Docket No. 1). Flores's currently operative complaint contains nine (9) causes of action against Sika for: (1) failure to pay all straight time wages; (2) failure to pay all overtime wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) knowing and intentional failure to comply with itemized employee wage statement provisions; (6) failure to pay all wages due at the time of termination of employment; (7) failure to reimburse; (8) violations of the Labor Code Private Attorneys General Act of 2004 ("PAGA"); and (9) violation of unfair competition law. (FAC, Docket No. 10).

Flores alleges in her Complaint that Sika has had policies and practices that have controlled and affected non-exempt employees. Id. ¶ 4. Flores further alleges that these policies and practices were a direct causes of Sika's failure to comply with California's wage and hour laws, Wage Orders, and the California Labor Code. Id. ¶ 5. Flores's Motion to Remand identifies seventeen separate Labor Code violations: Labor Code sections 201, 202, 203, 204, 222, 223, 226, 226(f), 226.7, 510, 512, 1174, 1194, 1197, 1197.1, 1199, 2802. (Mot., Docket No. 13-1 at 13–14). Flores seeks PAGA penalties under thirteen of these Labor Code sections. Id. In all, Flores seeks compensatory damages, as well as economic and special damages; injunctive relief; declaratory relief; restitution; attorneys' fees; and interest. (FAC, Docket No. 10 at 35–37).

On April 4, 2019, Sika filed and served its Notice of Removal based on diversity jurisdiction. (Docket No. 1). On April 10, 2019, Flores filed her Amended Complaint. (FAC, Docket No. 10). Flores now moves to remand this action on the grounds that the Court lacks diversity jurisdiction because Sika has not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit of $75,000. (Mot., Docket No. 13).

## II. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 19-606 JVS (KKx) | Date | June 10, 2019 |
| Title | Sarah Vieyara-Flores, et al. v. Sika Corp., et al. | | |

curiam). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

Pursuant to 28 U.S.C. § 1332, federal jurisdiction is proper so long as there is complete diversity between the parties and an amount in controversy in excess of $75,000. See, e.g., Orkin v. Taylor, 487 F.3d 734, 738 (9th Cir. 2007).

To satisfy the amount in controversy requirement under § 1332, the plaintiff's alleged damages must exceed $75,000. 28 U.S.C. § 1332(a). To measure the amount in controversy, a court must not only assume that allegations of the complaint are true, but must also assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Plaintiff here did not demand a specific amount of damages in her state court Complaint. In such a situation, "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . . [courts] apply a preponderance of the evidence standard." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)). Moreover, the "defendant must do more than point to a state law that might allow recovery above the jurisdictional minimum," and "must submit 'summary-judgment-type evidence' to establish that the actual amount in controversy exceeds $75,000." Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001 (citing Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)). The defendant "cannot speculate," but this burden is "not 'daunting'" and does not require that defendant "research, state, and prove the plaintiff's claims for damages." Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (internal quotation marks and citation omitted). The defendant's evidence must establish "that it is 'more likely than not' that the amount in controversy exceeds that amount." Sanchez, 102 F.3d at 404.

If the defendant meets this burden, then the burden shifts to the plaintiff, who must "show, as a matter of law, that it is certain he will not recover the jurisdictional amount." Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001 (citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1411 (5th Cir. 1995)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 19-606 JVS (KKx) | Date | June 10, 2019 |
| Title | Sarah Vieyara-Flores, et al. v. Sika Corp., et al. | | |

### III. DISCUSSION

Sika's Notice of Removal provides that the Court has diversity jurisdiction under 28 U.S.C. § 1332 because (1) Flores is a California citizen; (2) Sika is a corporation formed under the laws of the State of New Jersey; (3) Sika's principal place of business is in Lyndhurst, New Jersey; (4) the amount in controversy exceeds $75,000. (Docket No. 1 ¶¶ 8–16). Flores does not contest complete diversity of citizenship. Therefore, only the amount in controversy is in dispute.

Sika calculates the total amount in controversy to be approximately $277,431.25. For the following reasons, the Court disagrees and finds the amount in controversy to be approximately **$53,728.13**.

**A.    Flores's Non-PAGA Claims**

**1.    Failure to Pay Overtime Wages**

Flores's second cause of action is for failure to pay all overtime wages. (Mot., Docket 13-1 at 1). The parties do not dispute that Flores was paid $20.50 an hour for her thirty-seven weeks of employment with Sika. (Opp'n, Docket No. 15 at 4). Parties also do not dispute that the overtime rate was $30.75. (Reply, Docket No. 18 at 2). Flores alleges in her Complaint that she typically worked five days a week for ten to twelve hour shifts, thus resulting in working between fifty and fifty-five hours per week. (FAC, Docket No. 10 ¶ 31). Flores further alleges that in every pay period, Sika failed to pay overtime when she and other similarly situated employees worked over eight hours per day and when employees worked over forty hours per week. Id. ¶ 95. Flores also alleges that as a result of Sika' failure to pay, she and all non-exempt employees are owed significant overtime wages. Id. To illustrate, Flores provides an example of Sika not compensating Flores and those similarly situated for time worked during their unpaid meal periods. Id. Flores does not specify that she is seeking damages only for unpaid meal periods or time traveled through the warehouse. Additionally, Flores does not specify the precise number of overtime hours she worked.

Accordingly, Sika uses a reasonable assumption in calculating the amount in controversy, relying on the information provided by Flores in her Complaint. See e.g.,

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   EDCV 19-606 JVS (KKx)                                     Date   June 10, 2019

Title      Sarah Vieyara-Flores, et al. v. Sika Corp., et al.

Lucas v. Michael Kors (USA) Inc., No. CV 18-1608-MWF (MRWx), 2018 U.S. Dist. LEXIS 78510, at *8 (C.D. Cal. May 9, 2018) ("Defendants may use reasonable assumptions in calculating the amount in controversy for purposes of removal."); see also Feao v. UFP Riverside, LLC, No. CV 17-3080 PSG (JPRx), 2017 U.S. Dist. LEXIS 101356, at *14-15 (C.D. Cal. June 29, 2017) ("Removing defendants must inevitably rely on some assumptions to support removal; a removing defendant is not required to go so far as to prove plaintiff's case for him by proving the actual rates of violation."); Schuyler v. Morton's of Chi., Inc., No. CV 10-06762 ODW (JCGx), 2011 U.S. Dist. LEXIS 10130, at *9 (C.D. Cal. Jan. 25, 2011) (finding that an "underlying assumption of a standard fifty hour work week amounting to ten hours of overtime per week" was not speculative). Sika reasonably assumes that Flores worked ten hours of overtime per week during her thirty-seven weeks of employment. Thus, Sika correctly estimates that the amount in controversy with respect to Flores's claim for failure to pay overtime wages is approximately **$11,377.50** ($20.50 per hour x 1.5 x 10 hours x 37 weeks).

### 2. Failure to Provide Meal and Rest Periods

Flores volunteers that the amount in controversy with respect to her claims that Sika failed to provide meal and rest periods is $3,792.50 per claim. (Mot., Docket No. 13-1 at 13). Sika does not dispute these calculations. (Opp'n, Docket No. 15 at 8). Accordingly, the amount in controversy is **$7,585** with respect to Flores's third and fourth causes of action.

### 3. Compliance with Itemized Employee Wage Statements Provisions

Flores's fifth cause of action is for failure to comply with itemized employee wage statement provisions. (Mot., Docket 13-1 at 1). In her Complaint, Flores alleges Sika knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement provided by Flores. (FAC, Docket No. 10 ¶ 121). Both parties agree that the $3,650 assessment for statutory penalties for violations of Labor Code section 226(a) is appropriately incorporated to the amount in controversy. (Reply, Docket No. 18 at 4).

In referencing Labor Code section 226(a), Flores asserts that she is entitled to recovery of such amounts pursuant to Labor Code section 226. (FAC, Docket No. 10 ¶

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   EDCV 19-606 JVS (KKx)                    Date   June 10, 2019

Title   Sarah Vieyara-Flores, et al. v. Sika Corp., et al.

126). Sika argues that due to this assertion, Flores is seeking penalties under the entirety of Labor Code section 226. (Opp'n, Docket No. 15 at 7).Sika further argues that other penalties provided by other subsections of Labor Code section 226, such as section 226.3 should also be included. Id. However, Flores only seeks the recovery of penalties under Labor Code section 226(a) with regards to her fifth cause of action. Thus, the **$3,650** assessment for statutory penalties for violations of Labor Code section 226(a) will be considered in controversy under Flores's wage statement cause of action ($50 initial penalty + ($100 x 36 subsequent penalties)).

### 4. Failure to Pay Wages Due at Time of Termination

Flores's sixth cause of action is for failure to pay wages due at time of termination under Labor Code section 203. The amount in controversy is not in dispute for this cause of action. Thus, the amount of **$4,920** will be considered in controversy.

### 5. Total Amount for Non-PAGA Claims

Flores notes that damages under her first cause of action have been taken into consideration through her overtime claims. (Reply, Docket No. 18 at 7). In response to Flores's seventh cause of action for failure to reimburse business expenses, Sika does not offer any indication of potential damages, nor does it provide any evidence for any potential calculation. In addition, Flores argues any restitution sought through her ninth claim under the Unfair Competition Law cannot be considered because it would amount to an impermissible double recovery. Arriola v. WS Packaging Group, Inc., No. 2:10-cv-07941-JHN-PLAx, 2011 WL 103959 at *2 (C.D. Cal. January 12, 2011); see also Davis v. Beam Team, Inc., No. EDCV 18-386-MWF (SPx), 2018 WL 2328214 at *11 (C.D. Cal. May 22, 2018). Accordingly, the Court will not consider the potential damages under these claims towards the amount in controversy.

Thus, the total amount in controversy with respect to Flores's non-PAGA claims is **$27,532.50** ($11,377.50 + $7,585 + $3,650 + $4,920).

### B. Flores's PAGA Claims

### 1. Labor Code Section 558

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  EDCV 19-606 JVS (KKx)          Date  June 10, 2019

Title  Sarah Vieyara-Flores, et al. v. Sika Corp., et al.

Flores seeks to recover penalties under Labor Code section 558 by way of PAGA for Sika's failure to provide meal and rest periods, overtime compensation, all wages for all work performed at the statutory minimum agreed upon rate, and all wages due at termination. (FAC, Docket No. 10 ¶ 155). However, she is also seeking the same penalties through her non-PAGA claims under various sections of the Labor Code, including section 510 in which the failure to pay overtime compensation is subject to a civil penalty provided by section 558. (FAC, Docket No. 10 ¶ 25).

Under Labor Code section 558, an employer is subject to the civil penalty of $50 per employee per pay period for an initial violation, and a penalty of $100 per employee per pay period for each subsequent violation. Cal. Lab. Code § 558. In contrast, PAGA subjects an employer to the civil penalty of an initial violation of $100 per employee per pay period, and a penalty for each subsequent violation of $200 per employee per pay period. Cal. Lab. Code § 2699. Although private litigants seek penalties under section 558 through PAGA, PAGA provides the applicable civil penalty only if a particular Labor Code provision does not specify one. Villacres v. ABM Indus. Inc., 189 Cal. App. 4th 562, 580 (2010). Essentially, PAGA operates as a fallback provision, providing penalties for all provisions of this code except those for which a civil penalty is specifically provided. York v. Starbucks Corp., No. CV 08-07919 GAF PJWX, 2012 WL 10890355, at *7 (C.D. Cal. Nov. 1, 2012) (citing Cal. Labor Code § 2699(f)) (citations omitted).

As stated, section 558 provides the specific civil penalty for violation of section 551. Accordingly, the Court will not calculate the double recovery under PAGA, as Flores seeks to recover these very same wages through her cause of action under section 551[1]. Thus, the Court will not consider Flores's alleged damages under section 558 through PAGA.

### 2. Labor Code Section 2699(f)(2)

---

[1] At the hearing, Sika argued that under Steenhuyse, the Court should allow for double recovery when determining the amount in controversy because the Labor Code section and the PAGA penalty are not identical. Steenhuyse v. UBS Fin. Servs., Inc., 317 F. Supp. 3d 1062, 1070 (N.D. Cal. 2018). However, Flores seeks recovery of wages under section 558 through both avenues.

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  EDCV 19-606 JVS (KKx)                    Date  June 10, 2019

Title     Sarah Vieyara-Flores, et al. v. Sika Corp., et al.

Sika asserts that it is permitted to use the heightened penalty for subsequent violations rather than the initial penalty for purposes of calculating the amount in controversy. (Opp'n, Docket No. 15 at 12–13). Flores's Motion identifies seventeen separate Labor Code violations under which she seeks PAGA penalties. (Mot., Docket 13-1 at 13–14). Of the seventeen violations, Plaintiff contends that the initial penalty of $100 provided by PAGA applies to thirteen violations, but that section 226 ($250/$1,000), section 226(f) ($750), and sections 510 and 512 ($50/$100) specifically provide for other penalties. Id.

Flores does not specifically allege that she is entitled to recover the heightened penalty, but rather that she is seeking to recover any and all penalties for each and every violation shown to exist or to have occurred during the one-year period of filing this action. (FAC, Docket No. 10 ¶ 157). Furthermore, under California law, courts have held that employers are not subject to heightened penalties for subsequent violations unless and until a court or commissioner notifies the employer that it is in violation of the Labor Code. Trang v. Turbine Engine Components Techs. Corp., No. CV 12-07658 DDP RZX, 2012 WL 6618854, at *5 (C.D. Cal. Dec. 19, 2012) (citing Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157 (2008)); see also Chen v. Morgan Stanley Smith Barney, LLC, No. 8:14-CV-01077 ODW (FFMx), 2014 WL 4961182 (C.D. Cal., October 2, 2014) ("Under the Labor Code, if an employer does not have notice that they are committing a violation, they are not subject to the heightened penalties.").

Sika has not offered evidence that the Labor Commission or a court has notified them of PAGA violations. Accordingly, without evidence of prior knowledge of such violations, PAGA's heightened penalty of $200 for subsequent violations will not be calculated to determine the amount in controversy.

Lastly, Sika also asserts that the penalties sought through PAGA should not be reduced to account for the Labor & Workforce Development Agency's ("LWDA") 75% interest, which would effectively lower Flores's recovery. However, PAGA specifically states, "civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the Labor and Workforce Development Agency for enforcement of labor laws, including the administration of this part, and for education of employers and employees about their rights and responsibilities under this code, to be continuously appropriated to supplement and not supplant the funding to the agency for those

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-606 JVS (KKx) | Date | June 10, 2019 |
|---|---|---|---|

| Title | Sarah Vieyara-Flores, et al. v. Sika Corp., et al. |
|---|---|

purposes; and 25 percent to the aggrieved employees." Cal. Lab. Code § 2699. In addition, the Ninth Circuit in Urbino disregarded the potential liabilities that would be apportioned to the LWDA, as they pertained to calculating the amount in controversy. Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118, 1123 (9th Cir. 2013).

In sum, only Flores's percentage of PAGA penalties can be taken into consideration in determining the amount in controversy. As stated, Flores alleges seventeen violations, four of which have their own civil penalties. For those that have their own civil penalties, the total amount equals $13,700. As for the thirteen others, the initial violation penalty of $100 will apply, which totals $48,100 (13 x $100 x 37 weeks). After adding these two totals ($61,800), 75% will be recovered by the LWDA. Thus, the total amount in controversy for those Labor Code violations under which Flores seeks PAGA penalties is **$15,450**.

### C.     Attorneys' Fees

Flores contends that attorneys' fees should be determined by applying a 25% benchmark to the amount in controversy. (Mot., Docket No. 13-1 at 15). Sika agrees that attorneys' fees may be calculated by multiplying the total amount in controversy by 25%, and then adding that amount to the total. (Opp'n, Docket No. 15 at 16). The total amount in controversy before any calculation of attorneys' fees is $42,982.50. Based on the foregoing agreement, the attorneys' fees calculate to **$10,745.63**.

### D.     Total Amount in Controversy

Based on the calculations provided above, the total amount in controversy is **$53,728.13 ($27,532.50 + $15,450 + $10,745.63)**. The Court finds that Sika has not demonstrated by a preponderance of the evidence that the amount in controversy for this action exceeds $75,000. Therefore, Flores's motion to remand is granted.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** this motion to remand. The Court acknowledges that Sika filed a Motion to Dismiss Flores's First Amended Complaint on April 24, 2019. However, due to the remand of this action back to state court, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. EDCV 19-606 JVS (KKx)     Date June 10, 2019

Title Sarah Vieyara-Flores, et al. v. Sika Corp., et al.

considers the Motion to Dismiss **MOOT**.

    **IT IS SO ORDERED.**

                                                                                  : 10

Initials of Preparer     lmb